<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1042**

ELLAHI MALIK MEHR,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-238-806)

Submitted: August 15, 2007        Decided: August 27, 2007

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Robert M. Price, LAW OFFICE OF ROBERT M. PRICE, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Angela N. Liang, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ellahi Malik Mehr, a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's order of removal. We deny the petition for review.

Mehr first asserts that the immigration judge erred in denying a fourth continuance to allow him to await approval of a labor certification, and that the Board erred in affirming that ruling. An immigration judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2007). We review the denial of a motion for continuance for abuse of discretion. Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). In Lendo v. Gonzales, __ F.3d __, 2007 WL 1982038 (4th Cir. July 10, 2007), we concluded that the immigration judge's refusal to grant even one continuance to await the possible grant of a labor certification was not an abuse of discretion. Here, the immigration judge granted Mehr three continuances to allow processing of the labor certification. Having informed Mehr that the third continuance would be the last, the immigration judge refused to allow further delay. This denial does not constitute an abuse of discretion.

Mehr also asserts that his prosecution by the Department of Homeland Security resulted from his registration pursuant to the National Security Entry-Exit Registration System ("NSEERS"), 8 U.S.C. §§ 1303, 1305 (2000), and that a decision to prosecute based

- 2 -

on alienage, ethnicity, or religion violates his constitutional rights to due process and equal protection. We conclude that this claim entitles Mehr to no relief. See Kandamar v. Gonzales, 464 F.3d 65, 73-74 (1st Cir. 2006); Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1367 (11th Cir. 2006); Ahmed v. Gonzales, 447 F.3d 433, 439-40 (5th Cir. 2006); Ali v. Gonzales, 440 F.3d 678, 681 n.4 (5th Cir. 2006); see also 8 U.S.C.A. § 1252(g) (West 2005) (providing courts have no jurisdiction to review Government's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter").

Accordingly, we deny Mehr's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED