NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0602n.06
Filed: August 21, 2007

No. 06-3917

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **HUGO CORDOVA**, | ) |
| | ) ON PETITION FOR REVIEW |
| *Petitioner*, | ) OF AN ORDER OF THE |
| | ) BOARD OF IMMIGRATION |
| v. | ) APPEALS |
| | ) |
| **ALBERTO GONZALES**, Attorney General, | ) **OPINION** |
| | ) |
| *Respondent*. | |

BEFORE:    COLE, McKEAGUE, Circuit Judges; COHN, District Judge.*

**R. GUY COLE, JR., Circuit Judge**.  Petitioner Hugo Cordova petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of Cordova's motion for a continuance of his removal proceedings.  Cordova requested a continuance pending the adjudication of his application for Alien Employment Certification.  For the reasons that follow, we **AFFIRM** the order of the BIA and **DENY** the petition for review.

**I.**

Cordova is a native and citizen of Mexico.  Cordova illegally entered the United States in

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1987 or 1991.[1]  On September 6, 2002, the Department of Homeland Security ("DHS") initiated

removal proceedings against Cordova and filed a Notice to Appear ("NTA").  The NTA alleged that

Cordova was removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act

("INA") because Cordova was "an alien present in the United States without being admitted or

paroled, or who arrived in the United States at any time or place other than as designated by the

Attorney General."

On June 3, 2003, Cordova appeared before the IJ, admitted all the factual allegations

contained in his NTA, and conceded removability.  Cordova's attorney requested a continuance

because Cordova's employer, Olde Towne Hardware & Workwear, planned to file an application

for Alien Employment Certification ("labor certification") with the United States Department of

Labor ("DOL") on Cordova's behalf.  The IJ granted Cordova the continuance, and Cordova's

application was filed on the same day.

Cordova's removal hearing was continued until August 15, 2003, at which time Cordova's

labor-certification application was still pending before the DOL.  The IJ granted four more

continuances while Cordova awaited DOL approval of his application, and the removal hearing

resumed on March 8, 2005.

By March 8, 2005, Cordova's labor-certification application had still not been adjudicated.

This time, however, the IJ denied Cordova's request for a further continuance and granted voluntary

departure:

---

[1]Although Cordova told the Immigration Judge at the June 3, 2003 hearing that he entered
the United States in 1987, his Notice to Appear states that he entered in April of 1991.

What I'm going to do, unless there's some reason not to grant a voluntary departure, is grant a voluntary departure and you can reserve your appeal right to the Board and explain to the Board how I'm unreasonable in not continuing the case further after two years.

(Joint Appendix ("JA") 98.)

Cordova appealed to the BIA, arguing that the IJ erred in denying a continuance pending the adjudication of his labor certification. The BIA dismissed the appeal and affirmed the IJ's denial of the continuance. The BIA concluded that

[a]s the labor certification had not yet been adjudicated, [Cordova] did not present good cause warranting a continuance. Moreover, as the respondent has not presented any evidence that he is the beneficiary of an approved Immigrant Petition for Alien Worker and has not submitted a copy of an application for adjustment of status he has not shown that he is prima facie eligible for the requested relief, and a remand in this regard is not warranted.

(*Id.* 5. (internal citations omitted).)

Cordova timely appealed the BIA's decision.

**II.**

**A.**

We review the BIA's affirmance of the IJ's denial of a continuance for an abuse of discretion. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006). An abuse of discretion occurs if "the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination . . . ." *Id.* (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)). Because the BIA provided an explanation for its decision, and did not adopt or summarily affirm the IJ's reasoning, we review only the BIA's decision. *See Nikis v. Ashcroft*, 126 F. App'x 731, 736 (6th Cir. 2005) ("As the BIA did not summarily affirm or adopt

the reasoning of the IJ, this Court reviews the decision of the BIA."); *cf. Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) ("When the BIA adopts the reasoning of the IJ, we review the IJ's decision to determine whether the BIA abused its discretion.").

**B.**

Aliens may seek permanent residency through their employment in the United States. First, an alien's employer must petition the DOL for a labor certification by filing an Application for Alien Employment Certification on the alien's behalf. *United States v. Ryan-Webster*, 353 F.3d 353, 355-56 (4th Cir. 2003); *see also Khan v. U.S. Att'y Gen.*, 448 F.3d 226, 228 n.2 (3d Cir. 2006) (describing the process by which a green card is issued). An application that meets certain requirements is "'certified' and constitutes a valid Labor Certification." *Id.* at 356. Second, the alien's employer must file with the DHS the labor certification and an Immigrant Visa Petition for Alien Worker (Form I-140). *Id.* The Form I-140 "constitutes a request to the [DHS] that the alien named in the Labor Certification be classified as eligible to apply for designation within a specified visa preference employment category." *Id.* (citing 8 U.S.C. § 1153(b)). Once the Immigrant Visa Petition is approved, the alien is assigned an immigrant visa number by the Department of State. *Id.* Lastly, aliens residing in the United States must file with the DHS an Application to Register Permanent Residence or Adjust Status (Form I-485). *Id.* Forms I-140 and I-485 are considered together to determine "whether to 'adjust' the resident alien's status." *Id.* (citing 8 C.F.R. § 204.5(n)). If the alien is granted lawful, permanent-resident status, the DHS issues the alien a "green card" reflecting this change in status. *Id.* The alien is then entitled to live and work in the United States.

Cordova's labor-certification application was filed under 8 U.S.C. § 1255(i), which allows certain aliens unlawfully present in the United States to apply for adjustment of status if they are the beneficiary of an approvable visa petition filed on or before April 30, 2001. In 1998 Cordova's then-wife filed a Form I-130, Petition for Alien Relative, on Cordova's behalf.

Merely filing a timely labor-certification application is not enough, by itself, to make an alien eligible for an adjustment of status. Rather, under § 1255(i)(2), the Attorney General may adjust the status of an alien only if two additional requirements are satisfied:

(A)     the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and

(B)     an immigrant visa is immediately available to the alien at the time the application is filed.

8 U.S.C. § 1255(i)(2). Because Cordova's labor-certification application has not yet been approved, he meets neither of these two requirements. Until his application is approved, Cordova is not even eligible to apply for an employment-based immigrant visa. *See* 8 U.S.C. § 1153(b)(3)(C); *Lendo v. Gonzales*, __ F.3d __ , No. 05-1715, 2007 WL 1982038, at *3 (4th Cir. 2007).

Under 8 C.F.R. § 1003.29, an IJ may grant a continuance for good cause. *Khan*, 448 F.3d at 233. The BIA provided two reasons for its affirmance of the IJ's denial of the continuance motion: First, the BIA explained that Cordova "did not present good cause warranting a continuance," because his labor certification was still pending. (JA 5.) Second, the BIA explained that because Cordova "has not presented any evidence that he is the beneficiary of an approved Immigrant Petition for Alien Worker and has not submitted a copy of an application for adjustment of status he has not shown that he is prima facie eligible for the requested relief." (*Id.*) The dissent

points out that we review only the BIA's decision, thereby ignoring "the arbitrary nature of the IJ's denial of Cordova's request for a continuance." (Dissent Op. at 2.) As previously stated, because the BIA did not summarily affirm or adopt the IJ's reasoning, we review only the BIA's decision. *Nikis*, 126 F. App'x at 736; *see also Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (explaining that we review the IJ's decision only when the BIA adopts the IJ's reasoning or summarily affirms the IJ's decision without providing an explanation).

Cordova argues that under the Seventh Circuit's decision in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), the IJ was required to grant his motion for a continuance. In *Subhan*, the petitioner sought a continuance based on his pending labor certification before the Illinois and federal departments of labor. *Id.* at 593. Like Cordova, Subhan sought to adjust his status under § 1255(i). The IJ granted Subhan two continuances but denied Subhan's third request for a continuance because his labor certification was still pending.

The rationale provided by the IJ for denying Subhan's motion for a continuance was that "while Subhan may be able to eventually acquire lawful permanent resident status by virtue of employment, not having done so as yet he was not eligible for this form of relief at this time." *Id.* at 593 (internal quotation marks omitted). The Seventh Circuit concluded that the IJ's denial was an abuse of discretion because the reason provided by the IJ "was not a *reason* for denying the motion for a third continuance, but merely a statement of the obvious: that the labor departments hadn't yet acted." *Id.* The court explained that

> [i]f the immigration judge had said that Subhan had dragged his feet or that it was obvious from the nature of his employment skills that he would not be granted the necessary certificates, or that he should have filed his application for adjustment of

> status before his tourist visa expired, or that he was a danger to the security of the United States, or that he was engaging in criminal activity or otherwise misbehaving, or even that an illegal alien should not be allowed to delay his removal beyond a year, the denial of the third continuance would have been reasoned, and we may assume would have been consistent with the adjustment-of-status statute.

*Id.* at 593-94. Thus, the court concluded that the IJ erred in not providing a reasoned basis for his denial of a further continuance; merely stating that Subhan's labor certification was still pending was insufficient. We read *Subhan* as requiring that the IJ, or the BIA, articulate a reasoned basis for denying an alien's motion for a continuance pending the adjudication of a labor certification. Here, the BIA did just that.

In affirming the IJ's denial of Cordova's motion for a continuance, the BIA explained that because "the labor certification had not yet been adjudicated, [Cordova] did not present good cause warranting a continuance." (JA 5.) The BIA is correct; at the time of Cordova's request he was not yet eligible for an adjustment of status. *See* 8 U.S.C. § 1153(b)(3)(C), *Lendo*, 2007 WL 1982038, at *3 (affirming the IJ's denial of Lendo's motion for a continuance because when Lendo sought the continuance, he was not eligible under 8 U.S.C. § 1255(i)(2)(A) or (B) for an adjustment of status); *Khan*, 448 F.3d at 234 (concluding that Khan at the time of the motion for a continuance was ineligible for a visa petition because his labor certification was pending, and therefore it was not an abuse of discretion for the IJ to deny the continuance motion). Although Cordova argues that he will likely receive labor certification, there is no evidence from which to conclude that Cordova is right, particularly because his application has been pending for almost four years without any decision by the DOL. *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363-64 (11th Cir. 2006) (holding that it was not an abuse of discretion for the IJ to deny the petitioner's continuance motion where "all

petitioners offered the IJ was the speculative possibility that at some point in the future they might have received . . . approved labor certifications from the DOL").

Our sister circuits have reached similar conclusions on analogous facts. In *Khan*, for instance, Khan was seeking a continuance because his wife had filed a labor certification on his behalf. The IJ denied the continuance and the BIA affirmed. Khan appealed to the Third Circuit and argued that the "government 'delay' in processing his wife's Labor Certification constitutes an extraordinary circumstance that would warrant an open-ended continuance of removal proceedings." *Khan*, 448 F.3d at 235. The IJ denied the continuance as "Khan could not establish prima facie eligibility for adjustment of status" because Khan, who still had not received his labor certification, had not filed an I-140 visa petition by the date of the removal hearing. *Id.* at 234.

The Third Circuit affirmed the IJ's denial of a continuance. The court explained that "Khan has offered only 'the speculative possibility that at some point in the future . . . his [wife] may receive[] labor certification.'" *Id.* (quoting *Zafar*, 461 F.3d at 1336). The court noted that "any continuance would be indefinite" because Khan was "presently ineligible for an immigrant visa, which is a prerequisite to an adjustment of status under § 1255(i)." *Id.* at 235. Thus, the court held that the IJ's denial of Khan's request for a continuance did not constitute an abuse of discretion. Here, Cordova's labor certification has been pending for several years, but as the court in *Khan* explained, the government's delay in processing Khan's labor certification "[did] not restrict the IJ's scope of discretion to the sole option of granting [a] continuance." *Id.* at 235. Further, the BIA stated that Cordova is not prima facie eligible for an adjustment of status because he has not filed a visa petition. This same rationale was found to be sufficient in *Khan*, where the court explained

that it was within the IJ's discretion to deny a motion for a continuance where the alien had failed to submit a visa petition because he was awaiting his labor certification. *Id.* 234-35.

In *Ahmed v. Gonzales*, 447 F.3d 433 (5th Cir. 2006), the IJ also refused a request for a continuance pending the adjudication of a labor certification. The Fifth Circuit affirmed the IJ's denial of the continuance, concluding that the IJ did not err in holding that "Ahmed lacked good cause for a continuance because he was ineligible for removal relief under the relevant statutes." *Id.* at 439. The Fifth Circuit explained that to prevent removal, Ahmed had to proceed through a discretionary process by which his status might eventually be adjusted under 8 U.S.C. § 1255(i) if he received a labor certification and an approved immigrant visa. But even with an immigrant visa and labor certification, Ahmed's application for an adjustment of status still needed "the discretionary approval of the Attorney General or his designee." *Id.* at 438. Thus, the court concluded that it was within the IJ's discretion to deny the continuance because Ahmed was only at the start of a long discretionary process with no guarantees that he would become a permanent resident.

Likewise, in *Zafar*, the Eleventh Circuit affirmed an IJ's denial of a continuance under similar circumstances. The court concluded that "[g]iven that petitioners had filed only labor certificate applications with the DOL, were not yet statutorily eligible for adjustment of status under § 1255(i), and had not filed I-485 applications for adjustment-of-status relief under § 1255(i), it clearly was not an abuse of discretion for the IJs to deny the motions for continuances of the removal proceedings." *Zafar*, 461 F.3d at 1364. At the time of Cordova's removal hearing he was not entitled to an adjustment of status and as the court in *Zafar* explained, the fact that a labor

certification is pending at the time of the hearing is not sufficient to require the IJ to grant a motion for a continuance. *Id.* at 1363-64.

Lastly, in *Lendo*, the Fourth Circuit concluded that "the IJ did not abuse her discretion in refusing to continue Lendo's removal proceedings indefinitely to await a decision on his wife's labor certification application." 2007 WL 1982038, at * 3. The court explained that

> Lendo, who had conceded that he was removable, was not eligible for adjustment of status when he sought a continuance—indeed, he had not even completed the first step toward obtaining that discretionary relief. Further, his wife's labor certification application had been pending for nearly three years. It was not an abuse of discretion for the IJ to refuse to grant an open-ended continuance based on the mere possibility that this application would eventually be approved and that Lendo would someday be eligible for adjustment of status.

*Id.*

Our recent decision in *Badwan v. Gonzales*, __ F.3d __ , Nos. 05-4412, 06-3404, 2007 WL 2049004 (6th Cir. July 18, 2007), in which we concluded that the IJ's denial of Badwan's motion for a continuance was an abuse of discretion, is distinguishable. First, Badwan's motion for a continuance, to allow him more time to obtain the documents he needed for his application for an adjustment of status, was unopposed by the Government. *Id.* at *2. Here, however, the continuance motion was opposed by the Government. (*See* JA 96 (voicing the Government's opposition to another continuance).) Second, unlike the situation in *Badwan*, where Badwan was requesting his first continuance, Cordova was requesting a seventh continuance. Third, there was little reason for the IJ to believe that Badwan would not be able to satisfy the evidentiary requirements for obtaining an adjustment of status because all Badwan needed to complete his application was an adequately translated copy of his Jordanian divorce documents. *See Badwan*, 2007 WL 2049004, at *3

(explaining that there was no reason to doubt that Badwan could adequately meet his application requirements). Conversely, there is no indication that Cordova's labor certification will be granted, or that his application for an adjustment of status will be approved, particularly in light of the highly discretionary process to which such applications are subjected. *See Ahmed*, 447 F.3d at 439 (stating that it was within the IJ's discretion to deny Ahmed's motion for a continuance because he was at the beginning of a "long and discretionary process"). *Badwan* notes this point, distinguishing *Zafar*, *Khan*, and *Ahmed* by explaining that "Badwan's prospects . . . did not turn on a pending decision that was out of his control, such as a labor certification or a relative's immigration forms." 2007 WL 2049004, at *3.

We conclude that the BIA did not abuse its discretion in denying Cordova's seventh motion for a continuance. We note, however, that Cordova has resided in the United States for nearly 20 years, has found gainful employment, and has established a life for himself in this country. Even Cordova's delay in filing his labor-certification application does not account for the four-year delay on the part of the DOL in processing his application. It is entirely possible that Cordova will receive a certification once the application is adjudicated by the DOL; unfortunately, by then, Cordova will have been deported or allowed a voluntary departure. One is left to wonder whether this is a just result; it certainly does not seem to be. If the DOL is unable to process an alien's labor certification in a timely manner, the more equitable solution may be for the DHS to allow such aliens to continue their removal proceedings until such applications are either denied or approved.

## III.

For the foregoing reasons, we **AFFIRM** the BIA's order and **DENY** the petition for review.

*No. 06-3917*
*Cordova v. Gonzales*

**Avern Cohn, dissenting:** As discussed in the lead opinion, some of our sister circuits[2] have affirmed the denial of requests for continuances pending adjudication of an applicant's labor certification on the basis that the applicant has not shown that he is prima facie eligible for adjustment of status. This is the basis for the BIA's decision in this case and the rationale that the majority affirms.

I cannot join the lead opinion because this rationale misrepresents the reality of the status adjustment process. It suggests that Cordova stalled in submitting his Form I-140 and application for adjustment of status (Form 1-485). This is not so. As discussed in section II.B. of the lead opinion, for an applicant to apply for adjustment of status: (1) his application for labor certification must be approved by the DOL; (2) his employer must file with the DHS the labor certification and an Immigrant Visa Petition for Alien Worker (Form I-140), which must also be approved; and (3) after being assigned a visa number by the Department of State, the applicant must file with the DHS an Application to Register Permanent Residence or Adjust Status (Form I-485). These steps *must* follow in the prescribed order listed above. An applicant has no ability to begin a later step unless the preceding step has been completed. Thus, Cordova was simply unable to file the Form I-140 until the DOL had adjudicated and approved his labor certification. In other words, Cordova is hostage to the time table of the DOL. This is something that the Seventh Circuit recognized in *Subhan*, 383 F.3d at 593, when it held that the IJ had not provided a rational basis to deny the

---

[2] *See Khan v. U.S. Att'y Gen.*, 448 F.3d 226 (3d Cir. 2006); *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357 (11th Cir. 2006); *Ahmed v. Gonzales*, 447 F.3d 433 (5th Cir. 2006); *Lendo v. Gonzales*, __ F.3d __ , No. 05-1715, 2007 WL 1982038, at *3 (4th Cir. 2007).

petitioner's continuance where it noted that the petitioner, who also sought a continuance based on his pending labor certification, "was not eligible for . . . relief as this time." The Seventh Circuit said that this was "not a reason for denying the motion for a third continuance, but merely a statement of the obvious: that the labor department hadn't yet acted." *Id*. The same is true here. Cordova is not eligible for relief at this time because the DOL has not adjudicated his application for labor certification. The BIA did not provide a rationale reason for affirming the IJ's denial for a continuance merely by pointing this out in so many different ways. This is because Cordova's failure to submit an approved Form I-140 or apply for adjustment of status are related to and dependent upon the fact that the DOL has not adjudicated his application for labor certification.

Moreover, by reviewing only the BIA's decision, the lead opinion ignores the arbitrary nature of the IJ's denial of Cordova's request for a continuance. The IJ's rationale that the continuance should be denied because he had granted continuances for almost two years is not a reasonable basis for the denial. The prior continuances were granted only because the DOL had not adjudicated Cordova's application for labor certification. Thus, the IJ's reason here is no different than the IJ's reason in *Subhan,* which was reversed.

Moreover, there was no change in the circumstances presented to the IJ between the granting of the first six continuances and the subsequent denial – except for the IJ's waning patience. A judge who acts solely out of impatience acts unreasonably. Having waited over two years for the DOL to act, there was no good reason for the IJ not to continue waiting. I dissent.