NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0391n.06

Case No. 07-4360

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 29, 2009
LEONARD GREEN, Clerk

MINHDUC CALLIN,  )
  )
   Petitioner,  )
  )
  )  ON APPEAL FROM THE
   v.  )  BOARD OF IMMIGRATION
  )  APPEALS
ERIC H. HOLDER, Jr., United States  )
Attorney General,  )
  )
   Respondent.  )
  )
————————————————————  )
  )

BEFORE: SUHRHEINRICH, BATCHELDER and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Petitioner Minhduc Callin ("Callin") seeks reversal of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen her in absentia removal, as ordered by an immigration judge ("IJ"). Because we conclude that the BIA applied the wrong legal standard in reviewing Callin's claim that she did not receive the notice of removal proceedings, we reverse and remand to the BIA for review of this claim under the applicable statute, and to allow Callin's presentation of evidence.

I.

Callin is a Vietnamese national who arrived in the United States under a K-1 non-immigrant "fiance(e)" visa on October 11, 2003, for the purpose of marrying a United States citizen. After her wedding, Callin filed an application with the United States Customs and Immigration Services ("USCIS") bureau of the Department of Homeland Security ("DHS"), seeking adjustment of her

status. On the adjustment application, she listed as her current address 3901 Dearborn Avenue, Rochester Hills, MI 48309 (the "Dearborn Avenue address").

USCIS sent a notice to the Dearborn Avenue address, via regular mail, informing Callin that an adjustment-of-status interview was scheduled for November 24, 2004. When she failed to appear for that interview, her application for adjustment was denied, and she was notified of this by certified mail sent to the Dearborn Avenue address on January 10, 2005.[1] Following this denial, the United States Immigration and Customs Enforcement agency of the DHS commenced removal proceedings against Callin. Her notice to appear before an IJ was sent, by regular mail, to the Dearborn Avenue address on April 7, 2005, informing her that there would be a removal hearing on June 7, 2005. When Callin failed to appear for the June 7th hearing, the IJ ordered her removed in absentia, with a copy of the decision sent to the Dearborn Avenue address by regular mail.

On May 22, 2006, Callin filed a motion to reopen the proceedings. The motion claimed that she had moved from the Dearborn Avenue address on June 1, 2005, and had filed a change-of-address form to this effect on June 27, 2005. The IJ denied Callin's motion to reopen on June 16, 2006, reasoning that the notice of the removal hearing had been sent to the Dearborn Avenue address prior to her moving from that address, and that she had not provided an affidavit attesting to her failure to receive the notice.

Callin appealed the IJ's decision to the BIA on July 14, 2006. The BIA denied the appeal on October 10, 2007, noting that notice of Callin's hearing was sent to her most recent address prior to the time of her move, and that she had not alleged any exceptional circumstances that would have

---

[1] The certified mail delivery receipt was signed by Callin's father-in-law, who she claims never gave her the mail or apprised her of it.

allowed her relief under 8 U.S.C. § 1229a(e)(1) (2009).

## II.

We review for abuse of discretion the BIA's denial of a motion to reopen proceedings. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). Where, as here, the BIA provided its own reasoning for denying the motion to reopen rather than summarily affirming the IJ, we review only the BIA's decision. *Cordova v. Gonzalez*, 245 F. App'x 508, 510 (6th Cir. 2007).

The BIA based its decision primarily on the fact that notice of Callin's hearing was sent to the last address she had supplied to the DHS prior to filing her change-of-address form, and written notice sent to that address was sufficient under 8 U.S.C. §§ 1229(a)(2) and 1229a(b)(5)(A). Additionally, the BIA pointed to Callin's failure to allege exceptional circumstances for her non-appearance at her removal hearing. Those statutes, however, apply to the initiation and conduct of removal proceedings, and specifically the sending of a notice to appear and the necessary prerequisites for removal in absentia, where the focus is on correct procedures for *mailing* the notice.

As several other circuits have said, in the motion-to-reopen context the inquiry is a wholly different one focused on *actual receipt* of the notice. *See Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006) ("*Lopes I*") ("As the use of the word 'receive' establishes, when considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the in absentia order), but rather whether the alien actually received the notice."); *Joshi v. Ashcroft*, 389 F.3d 732, 736 (7th Cir. 2004) (stating that with motions to reopen based on lack of notice "the issue is not notice but receipt, because the statute allows an alien ordered

3

removed in an absentia proceeding to reopen the proceeding if he did not receive notice even if the notice that was sent, whether or not it was received, satisfied statutory and constitutional requirements, [and] the intended recipient's affidavit of nonreceipt is evidence."); *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) ("Considerations on a motion to reopen differ from those relevant to the holding of an in absentia hearing. A motion to reopen focuses on whether the alien actually received notice, rather than on whether the INS sent sufficient notice to the proper address.").

When the notice to appear is mailed to the correct address, as here, receipt is presumed. But this presumption is not as strong when delivery is by regular, as opposed to certified, mail. *Lopes I*, 468 F.3d at 85. Callin was notified by certified mail only of the January 10, 2005, denial of her application for adjustment of status. The notice to appear before an IJ for the removal hearing on June 7, 2005, was sent by regular mail. It was Callin's failure to appear at the removal hearing that led to her in absentia removal, and it is the denial of her motion to reopen that proceeding which is the subject of this appeal.

Callin claims that she did not receive notice of the removal hearing. To determine whether Callin can establish this claim (i.e., to rebut the weaker presumption of receipt where notice was sent by regular mail), the IJ should weigh all available evidence. *In re M-R-A*, 24 I. & N. Dec. 665, 673-74 (B.I.A. 2008). That evidence may include:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief,

indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* at 674. The Second Circuit has said that "where a petitioner had appeared at earlier immigration proceedings, had no motive to avoid the immigration proceedings, and in fact had initiated proceedings to obtain an immigration benefit, a statement or affidavit by the petitioner stating that he or she had not received notice should ordinarily suffice to overcome the presumption of receipt." *Lopes v. Mukasey*, 517 F.3d 156, 159 (2d Cir. 2008) ("*Lopes II*") (citations omitted).

Here, it was not clear whether Callin provided such an affidavit; she said that she did, the government said that she did not. But she met other criteria — initiation of the adjustment proceedings of which she says she did not receive notice and her absence from which led to the removal proceedings; attendance at earlier proceedings in this matter, *viz.*, a March 16, 2006, InfoPass appointment to obtain information on her adjustment application; and no motive for avoidance. On remand, her counsel should be allowed the opportunity to file — or file again — such an affidavit to demonstrate that Callin can support her claim that she did not receive the hearing notice.

While the government argues that Callin's failure to prove that she provided this affidavit at the outset should be fatal, we have recognized that "[t]he liberty interests involved in removal proceedings are of the highest order." *Ba. v. Holder*, 561 F.3d 604, 607 (6th Cir. 2009) (quoting *Sembiring v. Gonzalez*, 499 F.3d 981, 990 (9th Cir. 2007)). These interests are further heightened here by several facts: Callin is married to a United States citizen; she has two very young children who are issue of this marriage and are United States citizens; and she was in the process of getting her status adjusted accordingly when the events underlying this appeal unfolded. Under these

5

circumstances, we find that allowing Callin on remand to provide — or provide again — the affidavit in support of her claim is justified.

**III.**

For the foregoing reasons, we remand this matter with instructions that the IJ and the BIA review Callin's motion to reopen using the correct standard, and to permit Callin to supply the necessary affidavit to support her claim that she did not receive notice of the removal hearing.