NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0053n.06

Case No. 09-3059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jan 27, 2010
LEONARD GREEN, Clerk

CLEVE ANDREW STEWART, )
)
Petitioner, )
)
      ON APPEAL FROM THE
v. ) BOARD OF IMMIGRATION
) APPEALS
ERIC H. HOLDER, JR., UNITED STATES )
ATTORNEY GENERAL, )
)
Respondent. )
)

BEFORE:  BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; and MALONEY[*], Chief District Judge.

**ALICE M. BATCHELDER, Chief Judge.**  Cleve Stewart ("Stewart") appeals the Board of Immigration Appeals's ("BIA") denial of his motion to reopen an immigration judge's ("IJ") order of removal *in absentia.*  Because we conclude that the BIA failed to weigh all available evidence and applied an incorrect legal standard in reviewing Stewart's claim that he did not receive the notice of removal proceedings, we reverse and remand to the BIA for review of the claim using the proper legal standard and considering all available evidence.

**I.**

---

[*]The Honorable Paul L. Maloney, United States Chief District Judge for the Western District of Michigan, sitting by designation.

Stewart is a native and citizen of Jamaica. He entered the United States on January 28, 2001, as a nonimmigrant "with authorization to remain in the United States for a temporary period not to exceed July 27, 2001." He did not leave the country by July 27, 2001. He filed a change of address card with the Department of Homeland Security ("DHS") on December 16, 2005, changing his address from 251 Burton St., SE, Grand Rapids, MI 49507, to 1417 Blaine St., SE, Apt. 2, Grand Rapids, MI 49507. On December 30, 2005, DHS sent Stewart a Notice to Appear ("NTA") for removal proceedings, charging him with removability under 8 U.S.C. § 1227(a)(1)(B), because "after admission as a nonimmigrant . . . [he] remained in the United States for a time longer than permitted." This NTA was sent to the Burton Street address and left the time and place of the hearing to be determined at a later date. On January 26, 2007, DHS sent Stewart another NTA — this time to his new Blaine Street address — that appears nearly identical to the December 2005 NTA. The time and place of the hearing were, again, to be determined at a later date. On June 26, 2007, the immigration court sent Stewart a hearing notice ("NOH") by regular U.S. mail to the Blaine Street address to inform him that his hearing had been scheduled for October 16, 2007. The NOH was returned to the immigration court as undeliverable on July 2, 2007. On July 30, 2007, Stewart sent notice to the immigration court that his address had changed to 1141 McKinley Ct., Grand Rapids, MI 49506. The immigration court received it the next day on July 31, 2007.

On August 1, 2007, the immigration court sent a second NOH by regular mail, this time at the new address. The certificate of service on the notice, however, was hand-dated and signed by court staff with a date of "7-1-07." Stewart claims in his affidavit that he never received this notice. He failed to appear at his October 16, 2007, hearing, and the immigration judge ordered him removed *in absentia.*

On November 6, 2007, Stewart filed a motion to reopen the removal order and attached an affidavit explaining his reasons for failing to appear. The immigration judge ("IJ") denied the motion to reopen on December 4, 2007, finding that Stewart's affidavit failed to overcome the presumption of regularity. The IJ based the denial on two facts: (1) Stewart conceded that he received the NTA that advised him of the consequences of failing to appear and of his obligation to keep the court informed of any changes in address; and (2) "blatant falsehoods" in Stewart's affidavit. The IJ identified as these falsehoods two inconsistencies in the affidavit. First, Stewart claimed that he notified the immigration court of his new address on June 20, 2007, when in fact, he did not do so until July 30, 2007. Second, Stewart claimed that he called the immigration court sometime after receiving the *in absentia* order and was told by a court official that the record did not contain a hearing notice mailed to his current address, when in fact, the record did contain such a notice, marked as exhibit 4 at the *in absentia* hearing. Thus, the IJ found that Stewart, in fact, "did receive proper notice."

Stewart appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), but his appeal was dismissed on December 22, 2008. The BIA found that the IJ properly denied the motion to reopen because "the record reflects that the NOH was mailed to the respondent's last known address and the respondent has failed to rebut the presumption of proper delivery." Citing *Matter of M-R-A-*, 24 I. & N. Dec. 665 (B.I.A. 2008), the BIA found that since Stewart's affidavit contained the discrepancies identified by the immigration court, "the veracity of the information presented in the affidavit [was called] into question and in light of its diminished probative value, the affidavit is insufficient to rebut the presumption of proper delivery."

3

Stewart appealed to this court on January 20, 2009. We have jurisdiction to review final immigration removal orders. 8 U.S.C. § 1252(a)(1) & (2)(D).

**II.**

The BIA exercises "broad discretion" in ruling on a motion to reopen. *I.N.S. v. Doherty,* 502 U.S. 314, 323 (1992). We therefore review the BIA's denial of a motion to reopen under an abuse of discretion standard, *Haddad v. Gonzales,* 437 F.3d 515, 517 (6th Cir. 2006), which requires us to determine whether the denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group," *id.* (internal quotation marks and citations omitted). When the BIA provides its own reasoning for the denial, rather than summarily affirming the IJ, we review only the BIA's decision. *Cordova v. Gonzalez,* 245 F. App'x. 508, 511-12 (6th Cir. 2007).

**III.**

Before an IJ may begin a removal proceeding *in absentia*, the alien must be properly served with a hearing notice. 8 U.S.C. § 1229(a)(2)(A). Service by mail "shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . . ." 8 U.S.C. § 1229(c). If the alien is served with the hearing notice but does not attend the proceeding, he "shall be ordered removed *in absentia* if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . ." 8 U.S.C. § 1229a(b)(5)(A). "[W]ritten notice . . . shall be considered sufficient . . . if provided at the most recent address provided . . . ." *Id.*

While written notice at the most recent address suffices for the initiation of removal proceedings, "in the motion-to-reopen context the inquiry is a wholly different one focused on *actual*

4

*receipt* of the notice." *Callin v. Holder*, 2009 WL 1491457, at *2 (6th Cir. May 29, 2009); *see also Lopes v. Gonzales,* 468 F.3d 81, 84 (2d Cir. 2006); *Joshi v. Ashcroft,* 389 F.3d 732, 736 (7th Cir. 2004); *Gurung v. Ashcroft,* 371 F.3d 718, 722 (10th Cir. 2004). There is a presumption of effective service and receipt by regular mail, although that presumption is weaker than when certified mail is utilized. *See Ba v. Holder,* 561 F.3d 604, 607 (6th Cir. 2009). The BIA has recently explained that "when a respondent seeks to reopen proceedings based on a claim of lack of receipt of notice, the question to be determined is whether the respondent has presented sufficient evidence to overcome the weaker presumption of delivery attached to notices delivered by regular mail." *Matter of M-R-A-,* 24 I.&N. Dec. 665, 673 (B.I.A. 2008). The BIA noted that in deciding whether an alien has overcome the presumption of delivery, the IJ should weigh all the available evidence and "may consider" the following nonexhaustive factors:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* at 674. After outlining these factors, however, the BIA explained that IJs retained broad discretion in choosing to grant or deny reopening. *See id.* ("We emphasize that these are just examples of the types of evidence that can support a motion to reopen. Immigration Judges are neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted.").

5

Stewart argues that the government failed to meet its burden of establishing by "clear, unequivocal and convincing evidence" that written notice of the date and time of the hearing had been given. *See* 8 U.S.C. § 1229a(b)(5)(A). He fails to recognize that, though this standard seems strict at first glance, the government may meet this standard by providing the written notice at the most recent address provided by the alien. *See id.* He points to the handwritten notation of "7/1/07" on the second NOH to argue that, perhaps, notice was never received, because if that NOH was actually mailed on July 1, 2007, rather than August 1, 2007, as indicated in the typeface of the notice, then it would have been mailed prior to the court's receiving Stewart's change of address form.

This argument is unpersuasive. The printed address on the NOH is Stewart's updated and most recent address. The immigration court did not receive notice of this new address until July 30, 2007. If the NOH was actually mailed on July 1, 2007, the court would have had no way of knowing Stewart's new address. Furthermore, there is no dispute that Stewart provided the immigration court with his updated address on July 30, 2007, and that the NOH contains a typed date of August 1, 2007, and Stewart's updated address. The discrepancy between the handwritten date on the certificate of service and the typewritten date on the NOH itself must therefore have been a clerical error.

Stewart also argues that the BIA abused its discretion in dismissing his appeal to reopen because it failed to apply all of the factors outlined in *M-R-A-,* 24 I.&N. Dec. at 674. Specifically, he argues that the BIA failed to consider that: (1) upon receiving the *absentia* order, Stewart immediately investigated, hired an attorney, and filed his motion to reopen within three weeks; (2) In 2001, when he was originally lawfully admitted to the country, he filed an adjustment of status application, attended interviews, and responded to requests for information; and (3) he notified the

6

immigration court of his updated address, which demonstrated an interest in the proceedings. *See id.* at 674 (factors 3, 4, and 7). It is true that neither the BIA opinion nor the IJ's opinion considered those three factors. However, Stewart misstates the law regarding their application. The factors were not intended as a mandatory checklist which the BIA or IJ must consider. Rather, they were given as mere "examples of the types of evidence that can support a motion to reopen." *Id.* Even if evidence addressing every factor was submitted, the IJ and the BIA still retained discretion to deny the motion to reopen. *See id.*

Though the BIA is not required to address all of the factors, it still must consider "all relevant evidence submitted to overcome the weaker presumption of delivery." *M-R-A-,* 24 I. & N. at 674 (citing *Derezinski v. Mukasey,* 516 F.3d 619, 621-22 (7th Cir. 2008)). The BIA based its decision primarily on the fact that the "NOH was mailed to the respondent's last known address and the respondent has failed to rebut the presumption of proper delivery." But in the context of a motion to reopen, the BIA is required to focus its inquiry on whether Stewart *actually received* the notice. *See Callin,* 2009 WL 1491457, at *3. Further, the BIA must consider all relevant evidence. In this case, that would require consideration of all of Stewart's actions in generally maintaining an updated address with DHS and the immigration court and promptly seeking legal counsel in updating his address and responding to the *absentia* order. The BIA, however, failed to mention in its opinion — and we therefore cannot know whether it considered — Stewart's evidence that he was diligent in seeking legal counsel and, each time he moved, updating his address with DHS and the immigration court.

Finally, it strikes us as particularly odd that the IJ and BIA placed such great weight on what it called two "blatant falsehoods" in Stewart's affidavit. It is unclear why the IJ so emphatically

concluded that Stewart manufactured the story about the immigration court employee's informing him that the record did not contain a hearing notice mailed to his current address. Even if the record did, in fact, contain such a hearing notice, all that would be required for Stewart's story to be correct is an error on the part of a court employee. Stewart's story, we think is an entirely plausible one. The other "blatant falsehood" is Stewart's misstatement of the date on which he notified the court of his most recent address. In the affidavit, he notes the date as June 20, 2007, when actually it was July 30, 2007. This error is a minor and irrelevant detail, one that confers no particular benefit on Stewart such that he would logically lie about it, and one that is not so different from the apparently erroneous date entered by the immigration court on the notice of service on Stewart's second NOH. In any event, given that "the presumption of receipt in regular mail cases does no more than to shift a tie-breaking burden of proof to the alien claiming non-receipt," *Lopes v. Mukasey,* 517 F.3d 156, 160 (2d Cir. 2008), it would appear that when this standard is applied on reconsideration of the case, these two "falsehoods" would diminish in importance.

## IV.

For the foregoing reasons, we **remand** this case with instructions that the IJ and BIA review Stewart's motion to reopen using the proper standard, focusing the inquiry on actual receipt of the NTA, and in applying that standard, giving due consideration to all relevant evidence.