**Anoop SINGH, Petitioner,**

v.

**Loretta E. LYNCH, U.S. Attorney General, Respondent.**

No. 15–3502.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2016.

BEFORE: NORRIS, BATCHELDER, and SUTTON, Circuit Judges.

**OPINION**

ALAN E. NORRIS, Circuit Judge.

Petitioner Anoop Singh is a citizen of India who entered the United States on June 3, 2001, as a non-immigrant crewmember. His D–2 visa allowed him to remain in the country until June 12, 2001. The sole issue in this appeal is whether petitioner received proper notice of a hearing regarding his asylum-only application. Because he failed to appear, the Immigration Judge denied him asylum, withholding of removal, and protection under the Convention Against Torture *in absentia*. Seven years later, on November 9, 2012, petitioner filed a motion to reopen his proceedings. That motion was denied by the Immigration Judge. Petitioner sought review with the Board of Immigra-

tion Appeals ("the Board"). The Board dismissed his appeal and the matter is now before us.

We review a motion to reopen proceedings under the deferential abuse-of-discretion standard; the Board abuses that discretion when its decision lacks "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group." *Thompson v. Lynch,* 788 F.3d 638, 642 (6th Cir.2015) (quoting *Camaj v. Holder,* 625 F.3d 988, 991 (6th Cir.2010)). When the Board provides its own reasoning for affirming the denial of relief, we review only its decision. *Id.* (citing *Cordova v. Gonzales,* 245 Fed.Appx. 508, 511–12 (6th Cir. 2007)). To the extent that the Board adopts the reasoning of the Immigration Judge, we also review that decision. *Al-Ghorbani v. Holder,* 585 F.3d 980, 991 (6th Cir.2009). Motions to reopen are disfavored in deportation proceedings. *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

An alien applying for asylum must be provided with "notice of the time and place of the proceeding." 8 C.F.R. § 1208.2(c)(3)(ii). If the alien fails to appear, his "request for asylum and withholding of removal ... shall be denied." *Id.* The motion must include documentary evidence that notice was not received. 8 C.F.R. § 1208.2(c)(3)(ii)(A).

On May 11, 2005, the Department of Homeland Security ("DHS") served petitioner with an I–863 form by first-class mail notifying him that his application for asylum was being referred to an Immigra-

tion Judge for a hearing. (A.R. 156.) On May 16, 2005, a letter sent to the same address informed him that the hearing would be held on July 22, 2005. (A.R. 154.) This correspondence was addressed to him at 609 North Morton St., St. Johns, Michigan. (A.R. 154.) He provided this address by letter on February 4, 2004, and the DHS subsequently updated his file to reflect that change. (A.R. 73, 77.) In her decision denying petitioner's motion to reopen, the Immigration Judge noted that neither correspondence was returned by the post office as undeliverable, giving rise to a presumption that petitioner received the documents. (A.R. 12.) The presumption of delivery by regular mail is weaker than notice sent by certified mail and "all evidence submitted to overcome the weaker presumption of delivery must be considered." *Matter of M–R–A–,* 24 I & N Dec., 665, 674 (BIA 2008).

In the declaration accompanying his motion to reopen, petitioner averred that he and his wife [1] had moved to Flushing, New York in 2004, and then to California in 2005. (A.R. 105.) He alleges that he never received a hearing notice and also asserts that he had never abandoned his asylum claim. In addition to his declaration, petitioner submitted the following: an interim New York driver's license dated August 17, 2004 (A.R. 123); a change of address form sent to the Immigration Court dated September 16, 2005, informing the court that he had moved from Wyoming, Michigan, to California (A.R. 91–92.); a letter from USCIS, dated February 23, 2006, confirming notification of his California address (A.R. 127); a change of status inquiry dated November 15, 2006 (A.R. 129);

---

1. Petitioner married a United States citizen, Elizabeth Gottschalk on January 16, 2003. (A.R. 153.) She filed a petition on his behalf for permanent residency on the same day. *Id.* However, on May 3, 2004, counsel for Ms. Gottschalk informed the United States Citi-

zenship and Immigration Services ("USCIS") she wished to withdraw her I–130 Alien Relative Petition because "the couple resided together for only a very brief period of time during the course of their marriage." (A.R. 80.)

and a California identification card obtained on September 13, 2005, listing his California address.

The Board considered this evidence but concluded that the Immigration Judge "correctly found that the applicant's declaration was not credible and that he did not overcome the presumption of delivery." (A.R. 9.) It noted that the New York interim license did not contain an address or photograph of petitioner. Moreover, the letter from Ms. Gottschalk's attorney stating that the couple only lived together for a short time cast doubt on petitioner's claim that the couple relocated to New York. As for the identification card from California, the Board observed that it was dated September 13, 2005, which was after the disputed notices were sent. Although not mentioned by the Board, the Immigration Judge noted that the government had provided documentary proof that petitioner had provided a change of address form on May 17, 2005, indicating that he had relocated from St. Johns, Michigan, to Wyoming, Michigan. (A.R. 85–86.) This evidence belies his assertion that he lived in New York or California and not in Michigan when the disputed notices related were sent.

After independently reviewing the administrative record, we conclude that the Board did not abuse its discretion when it dismissed the appeal. As we stated at the outset of this opinion, to find otherwise would require us to conclude that the Board's decision lacks "rational explanation." *Thompson*, 788 F.3d at 642. It does not. For the reasons outlined by the Immigration Judge and the Board, petitioner's declaration is not credible. It states that he moved with his wife to New York in 2004 and then to California. The documentary evidence indicates that petitioner lived in Michigan at the time the disputed notices were sent to his St. John's

address. He relocated to Wyoming, Michigan after the forms were mailed. (A.R. 85–86.) Moreover, his wife's attorney indicated that the couple had lived together only briefly. We have already summarized the other factors relied upon by the Board and will not repeat them here. Suffice it to say that sufficient evidence supports the decision.

The petition for review is **dismissed.**