PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NOCK FREDERICK LENDO,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 05-1715

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A72-167-593)

Argued: May 22, 2007

Decided: July 10, 2007

Before NIEMEYER and MICHAEL, Circuit Judges,
and WILKINS, Senior Circuit Judge.

Petition denied by published opinion. Senior Judge Wilkins wrote the
opinion, in which Judge Niemeyer and Judge Michael joined.

## COUNSEL

**ARGUED:** Alexander Manjanja Chanthunya, Silver Spring, Mary-
land, for Petitioner. Kristin Kay Edison, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Civil Division, Washington, D.C., for Respondent. **ON BRIEF:** Peter
D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn
Lopez Wright, Assistant Director, Office of Immigration Litigation,

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

WILKINS, Senior Circuit Judge:

Nock Frederick Lendo petitions for review of an order of the Board of Immigration Appeals (Board) summarily affirming the denial of his motion to continue removal proceedings against him. Because the immigration judge (IJ) did not abuse her discretion in refusing to continue the removal proceedings, we deny Lendo's petition.

### I.

In September 1998, Lendo, a native and citizen of Indonesia, was admitted to the United States as a nonimmigrant visitor for a period not to exceed six months. After Lendo remained in the United States beyond this period, removal proceedings were brought against him. At a hearing before the IJ in November 2003, Lendo admitted the factual allegations against him and conceded the charge of removability. He nonetheless stated that he was "exploring the possibility" of seeking asylum, withholding of removal, and protection under the Convention Against Torture. Supp. J.A. 28. Lendo also indicated that his wife had filed a "labor certification [application] . . . prior to April 30, 2001." *Id.* at 27; *see* 8 U.S.C.A. § 1255(i) (West 2005) (permitting, subject to several conditions, an unlawfully present alien who is the beneficiary of a labor certification application filed on or before April 30, 2001, to apply for adjustment of status). The IJ continued the hearing until January 6, 2004, and directed Lendo to file his asylum application by that date. The IJ noted, however, that she would not continue the removal proceedings further to await a decision on the pending labor certification application.

At the January 2004 hearing, Lendo informed the IJ that he would not be filing an asylum application because he did not "feel there is a basis . . . for asylum" in his case. Supp. J.A. 32. Instead, Lendo requested "another continuance . . . to see if this labor certification

[application] that was filed by his wife will get approved." *Id.* The IJ, adhering to her earlier position, denied Lendo's request for a further continuance. Because Lendo had not filed an asylum application and was unwilling to accept voluntary departure, the IJ ordered that Lendo be removed to Indonesia. Lendo appealed the IJ's denial of a continuance; the Board affirmed the IJ's decision without opinion.

## II.

Lendo contends that the IJ improperly denied his request for a further continuance to await a decision on his wife's labor certification application and that the Board erred in affirming that ruling. When, as here, the Board affirms an IJ's decision without opinion, the IJ's ruling "is essentially the decision under review." *Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2007). "Whether to grant a motion to continue deportation proceedings is within the sound discretion of the IJ and is reviewed for abuse of discretion only." *Onyeme v. INS*, 146 F.3d 227, 231 (4th Cir. 1998). Thus, we must uphold the IJ's denial of a continuance "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.*, invidious discrimination against a particular race or group." *Id.* (internal quotation marks omitted).[1]

---

[1]The Government argued in its brief that we are barred by statute from reviewing the IJ's discretionary denial of a continuance. *See* 8 U.S.C.A. § 1252(a)(2)(B)(ii) (West 2005) (providing that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General"). The Government, however, has since withdrawn that argument. In any event, we agree with the majority of circuits that have considered the issue that § 1252(a)(2)(B)(ii) does not bar judicial review of an IJ's denial of a motion to continue removal proceedings. *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1360-62 (11th Cir. 2006); *Khan v. Att'y Gen.*, 448 F.3d 226, 229-33 (3d Cir. 2006); *Ahmed v. Gonzales*, 447 F.3d 433, 436-37 (5th Cir. 2006); *Sanusi v. Gonzales*, 445 F.3d 193, 198-99 (2d Cir. 2006) (per curiam); *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 631-34 (6th Cir. 2006). *But see Yerkovich v. Ashcroft*, 381 F.3d 990, 992-95 (10th Cir. 2004) (holding that § 1252(a)(2)(B)(ii) deprives court of appeals of jurisdiction to review denial of continuance); *Onyinkwa v. Ashcroft*, 376 F.3d 797, 799 (8th Cir. 2004) (same).

To properly assess Lendo's claim, it is necessary to understand the general process by which aliens may obtain permanent residence in the United States through employment. First, an alien's prospective employer must petition the Department of Labor (DOL) for a "Labor Certification" on the alien's behalf by filing an Application for Alien Employment Certification. *See United States v. Ryan-Webster*, 353 F.3d 353, 355-56 (4th Cir. 2003). If that application meets certain requirements, "it is then 'certified' and constitutes a valid Labor Certification." *Id.* at 356. Next, the alien's prospective employer must file with the Department of Homeland Security (DHS) the Labor Certification along with an Immigrant [Visa] Petition for Alien Worker (Form I-140). The filing of Form I-140

> constitutes a request to the [DHS] that the alien named in the Labor Certification be classified as eligible to apply for designation within a specified visa preference employment category. *See* 8 U.S.C. § 1153(b). If the [DHS] approves the Visa Petition and classifies the certified alien as so eligible, the alien is assigned an immigrant visa number by the Department of State.

*Id.* After that, if the alien presently resides in the United States, the alien must file with the DHS an Application to Register Permanent Residence or Adjust Status (Form I-485). *See id.* The DHS then considers Forms I-140 and I-485 to determine whether to adjust the alien's status to lawful permanent resident, thus allowing the alien to live and work in the United States. *See* 8 U.S.C.A. § 1255(a) (West Supp. 2007). If the alien is granted lawful permanent resident status, the DHS issues a "green card" reflecting the alien's immigration status.

Although the record contains little information about Lendo's wife's labor certification application, that application was apparently filed pursuant to 8 U.S.C.A. § 1255(i), which (as is relevant here) allows certain aliens unlawfully present in the United States to apply for adjustment of status if they are the beneficiary of a labor certification application filed on or before April 30, 2001. According to the parties, Lendo's wife's application was filed on April 16, 2001. Lendo sought a continuance of his removal proceedings to await the approval of that application, after which he would be entitled to peti-

tion for a visa and to apply for adjustment of status. *See id.* § 1255(i)(1)(B) (extending benefits of § 1255(i) to spouses and children of principal aliens). The IJ, however, refused to "continue the case indefinitely for the speculative relief of a labor cert[ification application] to be adjudicated." J.A. 3. The IJ noted that Lendo's efforts to obtain adjustment of status had "not even yet reached the stage of [a Form] I-140 that is filed after a labor cert[ification application] ha[s] been approved." *Id.* Lendo argues that this ruling was an abuse of discretion. We disagree.

Under § 1255(i), the timely filing of a labor certification application, by itself, does not make an alien eligible for adjustment of status. Rather, the Attorney General may adjust the alien's status only if two additional requirements are met:

> (A) the alien is *eligible to receive an immigrant visa* and is admissible to the United States for permanent residence; and

> (B) *an immigrant visa is immediately available to the alien* at the time the application [for adjustment of status] is filed.

8 U.S.C.A. § 1255(i)(2)(A), (B) (emphasis added). When Lendo sought a continuance, he met neither of these requirements. Because Lendo's wife's labor certification application had not yet been approved, neither she nor Lendo was eligible even to *apply* for an employment-based immigrant visa. *See Dekoladenu v. Gonzales*, 459 F.3d 500, 502 (4th Cir. 2006), *petition for cert. filed*, 75 U.S.L.W. 3530 (U.S. Mar. 22, 2007) (No. 06-1285); *Ryan-Webster*, 353 F.3d at 356.

We conclude that the IJ did not abuse her discretion in refusing to continue Lendo's removal proceedings indefinitely to await a decision on his wife's labor certification application. Lendo, who had conceded that he was removable, was not eligible for adjustment of status when he sought a continuance—indeed, he had not even completed the first step toward obtaining that discretionary relief. Further, his wife's labor certification application had been pending for nearly three years. It was not an abuse of discretion for the IJ to refuse to

grant an open-ended continuance based on the mere possibility that this application would eventually be approved and that Lendo would someday be eligible for adjustment of status. As the Eleventh Circuit held in a similar case,

> All petitioners offered the IJs was the speculative possibility that at some point in the future they might have received . . . approved labor certifications from the DOL, and only then could the required I-140 visa petitions be filed, and only then would petitioners be able to file the I-485 applications for adjustment of status with the DHS and ask for adjustment-of-status relief. Given that petitioners had filed only labor certificate applications with the DOL, were not yet statutorily eligible for adjustment of status under § 1255(i), and had not filed I-485 applications for adjustment-of-status relief under § 1255(i), it clearly was not an abuse of discretion for the IJs to deny the motions for continuances of the removal proceedings.

*Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363-64 (11th Cir. 2006); *accord Khan v. Att'y Gen.*, 448 F.3d 226, 234-35 (3d Cir. 2006); *Ahmed v. Gonzales*, 447 F.3d 433, 438-39 (5th Cir. 2006); *see also Onyeme*, 146 F.3d at 232-33 (holding that IJ did not abuse discretion in refusing to continue removal proceedings to await resolution of pending visa petition because petitioner had not yet applied for adjustment of status and was ineligible for status adjustment absent discretionary relief by Attorney General). *But see Subhan v. Ashcroft*, 383 F.3d 591, 593-95 (7th Cir. 2004) (holding that IJ's refusal to grant additional continuance to await outcome of labor certification application was an abuse of discretion).[2]

---

[2]In *Subhan*, the Seventh Circuit rejected the IJ's conclusion that a continuance was unwarranted because the petitioner's eventual eligibility for adjustment of status was speculative. *See id.* at 593-94. Noting that the petitioner bore no fault for the delay in the labor certification process, the court apparently concluded that the IJ's reasoning was inconsistent with Congress' intent to allow certain aliens to seek adjustment of status under § 1255(i) after receiving labor certifications. *See id.* at 593-94, 595. As other courts have recognized, however, nothing in the language of § 1255(i) requires that a removable alien be allowed to remain in the United States indefinitely based on the mere filing of a labor certification application. *See Zafar*, 461 F.3d at 1365, 1367; *Ahmed*, 447 F.3d at 438.

## III.

  For the reasons discussed above, we deny Lendo's petition for review.[3]

*PETITION DENIED*

---

**[3]**The parties have informed us that (1) after the IJ issued her ruling, Lendo's wife's labor certification was approved, and (2) after the Board affirmed the IJ's decision, Lendo's wife was granted a visa and received an adjustment of status. In the interests of justice, we would be inclined to remand Lendo's case for consideration of these intervening developments; but we are barred by statute from doing so. *See* 8 U.S.C.A. § 1252(a)(1) (West 2005) (providing that "the court may not order the taking of additional evidence under section 2347(c) of Title 28"); *see, e.g.*, *Najjar v. Ashcroft*, 257 F.3d 1262, 1281 (11th Cir. 2001) (holding that § 1252(a)(1) prohibits courts of appeals from remanding to the BIA for consideration of evidence presented for the first time on appeal); *see also* 8 U.S.C.A. § 1252(b)(4)(A) (West 2005) ("[T]he court of appeals shall decide the petition [for review] only on the administrative record on which the order of removal is based.").

  It therefore appears that Lendo's only possible remedy is to move to reopen his removal proceedings. *See* 8 U.S.C.A. § 1229a(c)(7) (West 2005 & Supp. 2007); 8 C.F.R. § 1003.2(c) (2007); *Najjar*, 257 F.3d at 1283 n.13. Although such a motion generally would be time-barred, *see* 8 C.F.R. § 1003.2(c)(2) (providing that a motion to reopen removal proceedings must be filed within 90 days after the final administrative decision), this time bar could be avoided if the Government joined in Lendo's motion to reopen, *see id.* § 1003.2(c)(3)(iii). We also note that the Board has the power to reopen Lendo's case sua sponte. *See id.* § 1003.2(a).