AVERN COHN,
dissenting:
As discussed in the lead opinion, some of our sister circuits[2] have affirmed the denial of requests for continuances pending adjudication of an applicant’s labor certification on the basis that the applicant has not shown that he is prima facie eligible for adjustment of status. This is the basis for the BIA’s decision in this case and the rationale that the majority affirms.
I cannot join the lead opinion because this rationale misrepresents the reality of the status adjustment process. It suggests that Cordova stalled in submitting his Form 1-140 and application for adjustment of status (Form 1 — 485). This is not so. As discussed in section II.B. of the lead opinion, for an applicant to apply for adjustment of status: (1) his application for labor certification must be approved by the DOL; (2) his employer must file with the DHS the labor certification and an Immigrant Visa Petition for Alien Worker (Form 1-140), which must also be approved; and (3) after being assigned a visa number by the Department of State, the applicant must file with the DHS an Application to Register Permanent Residence or Adjust Status (Form 1-485). These steps must follow in the prescribed order listed above. An applicant has no ability to begin a later step unless the preceding step has been completed. Thus, Cordova was simply unable to file the Form 1-140 until the DOL had adjudicated and approved his labor certification. In other words, Cordova is hostage to the time table of the DOL. This is something that the Seventh Circuit recognized in Subhan, 383 F.3d at 593, when it held that the IJ had not provided a rational basis to deny the petitioner’s continuance where it noted that the petitioner, who also sought a continuance based on his pending labor certification, “was not eligible for ... relief as this time.” The Seventh Circuit said that this was “not a reason for denying the motion for a third continuance, but merely a statement of the obvious: that the labor department hadn’t yet acted.” Id. The same is true here. Cordova is not eligible for relief at this time because the DOL has not adjudicated his application for labor certification. The BIA did not provide a rationale reason for affirming the IJ’s denial for a continuance merely by pointing this out in so many different ways. This is because Cordova’s failure to submit an approved Form 1-140 or apply for adjustment of status are related to and dependent upon the fact that the DOL has not adjudicated his application for labor certification.
Moreover, by reviewing only the BIA’s decision, the lead opinion ignores the arbitrary nature of the IJ’s denial of Cordova’s request for a continuance. The IJ’s rationale that the continuance should be denied because he had granted continuances for almost two years is not a reasonable basis for the denial. The prior continuances *516 were granted only because the DOL had not adjudicated Cordova’s application for labor certification. Thus, the IJ’s reason here is no different than the IJ’s reason in Subhan, which was reversed.
Moreover, there was no change in the circumstances presented to the IJ between the granting of the first six continuances and the subsequent denial — except for the IJ’s waning patience. A judge who acts solely out of impatience acts unreasonably. Having waited over two years for the DOL to act, there was no good reason for the IJ not to continue waiting. I dissent.

. See Khan v. U.S. Att’y Gen., 448 F.3d 226 (3d Cir.2006); Zafar v. U.S. Att’y Gen., 461 F.3d 1357 (11th Cir.2006); Ahmed v. Gonzales, 447 F.3d 433 (5th Cir.2006); Lendo v. Gonzales, 493 F.3d 439, 442-43 (4th Cir.2007).