UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2195

YACOUBA DIOMANDE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A73-547-465)

Submitted:  August 29, 2007      Decided:  September 13, 2007

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Alexandru I. Craciunescu, INTERNATIONAL BUSINESS LAW FIRM, PC, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Lindsay L. Chichester, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yacouba Diomande, a native and citizen of Ivory Coast, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding him ineligible for adjustment of status and ordering him removed to Ivory Coast. For the reasons discussed below, we deny the petition for review.

Diomande first contends that the Board erred in finding that he was statutorily ineligible for adjustment of status. We find that, because Diomande's visa petition was revoked by the United States Citizenship and Immigration Services ("USCIS"), he did not have an immigrant visa immediately available to him and was therefore statutorily ineligible for adjustment of status under the plain language of the statute. See 8 U.S.C. § 1255(i)(2)(B) (2000); Kalezic v. INS, 647 F.2d 920, 922 (9th Cir. 1981) (finding that petitioner was statutorily ineligible for adjustment because the petition filed on his behalf had been revoked).

He next argues that the immigration judge had jurisdiction to review the revocation of his visa petition. Specifically, he argues that the immigration judge had jurisdiction pursuant to 8 U.S.C.A. § 1201(i) (West 2005), and this Court's recent decision in Perez-Vargas v. Gonzales, 478 F.3d 191 (4th Cir. 2007). Based on our review, however, we find that neither § 1201(i) nor our decision in Perez-Vargas vested the immigration

- 2 -

judge with jurisdiction to review the revocation of the visa petition at issue in this case.  To the extent that Diomande claims that the Board and immigration judge violated his due process rights by refusing to review the revocation of his visa petition, we find that Diomande cannot allege a colorable constitutional violation because he cannot establish that he has a property or liberty interest at stake.  See Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006), petition for cert. filed, 75 U.S.L.W. (Mar. 22, 2007) (No. 06-1285).

Finally, Diomande claims that the Board abused its discretion in upholding the immigration judge's denial of his motion for a continuance.  Based on our review of the record, we find that no abuse of discretion occurred.  See Lendo v. Gonzales, ___ F.3d ___, ___, 2007 WL 1982038, *1 (4th Cir. July 10, 2007).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED