UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1734

SAMUEL ADEREMI AWOYINKA,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A72-720-650)

Submitted: September 21, 2007      Decided: November 14, 2007

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joseph M. Kum, AMITY, KUM & SULEMAN, P.A., Greenbelt, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Daniel E. Goldman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Aderemi Awoyinka, a native and citizen of Nigeria, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's order of removal. Because the Board affirmed the immigration judge's order without opinion, we treat the immigration judge's reasoning as the final agency determination. 8 C.F.R. § 1003.1(e)(4) (2007); Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007).

Awoyinka contends that the immigration judge should have granted him an adjustment of status because a visa petition for alien worker had been granted to his employer. However, the petition was subsequently revoked. To be eligible for adjustment of status based on employment under 8 U.S.C.A. § 1255 (West 2005 & Supp. 2007), an alien must apply for adjustment, be eligible to receive an immigrant visa, and a visa must be immediately available. Perez-Vargas v. Gonzales, 478 F.3d 191, 192 (4th Cir. 2007). It is uncontroverted that here, a visa is not immediately available. Therefore, the immigration judge did not err in denying Awoyinka adjustment of status.

Awoyinka also asserts that the immigration judge erred in denying his final motion for a continuance. An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2007). We review the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th

Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998).  We "must uphold the immigration judge's denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'"  Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231).

Here, the immigration judge granted a continuance of five months in order to allow Awoyinka to seek reconsideration of the denial of the visa petition.  When the immigration judge found no progress on that issue at the next hearing, he concluded that Awoyinka was ineligible for relief from removal, denied voluntary departure, and ordered Awoyinka removed.  (JA 10-14).  Because the immigration judge gave a rational explanation for his denial of a continuance, and did not rest his decision on an impermissible basis, this claim entitles Awoyinka to no relief.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -