**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1080**

ALEXIUS IKECHUKWU NWANWA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 30, 2009          Decided:  September 14, 2009

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

Lori B. Schoenberg, LAW OFFICES OF JOHN R. PERRY, P.C., Encino,
California, for Petitioner.  Tony West, Assistant Attorney
General, Daniel E. Goldman, Senior Litigation Counsel, Theo
Nickerson, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexius Ikechukwu Nwanwa, a native of Cameroon and a citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals sustaining in part and dismissing in part his appeal from the immigration judge's order denying a motion for a continuance and his application for cancellation of removal. We deny the petition for review from that part of the order affirming the immigration judge's denial of the motion for continuance and we dismiss the petition for review from that part of the order affirming the denial of cancellation of removal.

The decision to grant or deny a continuance is within the discretion of the immigration judge, who may grant a continuance "for good cause shown." 8 C.F.R. § 1003.29 (2009); see Jean v. Gonzales, 435 F.3d 475, 483 (4th Cir. 2006). The refusal to grant a continuance is thus subject to review for abuse of discretion. Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). The denial of a continuance will be upheld "'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007) (quoting Onyeme, 146 F.3d at 231). Where the Board adopts and supplements the immigration judge's

2

decision, "the factual findings and reasoning contained in both decisions are subject to judicial review." Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008) (internal quotation marks and citation omitted).

Because Nwanwa failed to show he was statutorily eligible to adjust his status and his employment-based visa petition had not been approved and he was warned that the final hearing could be on the merits of his application for cancellation of removal, we find the immigration judge did not abuse her discretion in finding no good cause for a continuance.[*]

With respect to the denial of the application for cancellation of removal, we find, after reviewing the record, that Nwanwa's argument that he was entitled to notice of the need for corroboration and an opportunity to present such corroboration is without merit. In any event, the Board found Nwanwa's testimony was not specific or detailed enough to show that his removal would be an exceptional and extremely unusual hardship to his family. We also find we are without jurisdiction to review the denial of an application for cancellation of removal on discretionary grounds. See 8 U.S.C. § 1252(a)(2)(B)(i) (2006) ("[N]o court shall have jurisdiction

---

[*] We reject Nwanwa's claim that he was statutorily eligible for adjustment of status and we find his due process argument to be without merit.

3

to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal.); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the BIA to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief.").

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART
