**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-2134

D.M.; M.M.,

            Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 16, 2010      Decided:  September 15, 2010

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners.  Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Todd J. Cochran, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Petitioners, D.M. and M.M., natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture.

The Petitioners first challenge the determination that they failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

Based on our review of the record, we conclude that the Petitioners fail to demonstrate that the evidence in their case compels a contrary result. As found by the Board, the Petitioners have failed to show that they are at a greater risk of being victims of violent acts at the hands of criminal gangs than any other member of the general population in El Salvador.

2

We have clearly held that a fear of general violence and unrest is inadequate to establish persecution on a protected ground. See Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 1000 (4th Cir. 1992) (finding that eligibility for asylum does not extend to persons who fear general violence stemming from civil unrest); M.A. v. I.N.S., 899 F.2d 304, 315-16 (4th Cir. 1990) (en banc) (finding that alien's "own allegations make clear that his fear is grounded in nothing more than the generally violent conditions extant in El Salvador" and rejecting the notion that assertions of "general violence alone can satisfy the requirement of an individualized threat of persecution") (superseded by statute on other grounds). We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners failed to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We also conclude that substantial evidence supports the finding that the Petitioners failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). Based on our review, we agree that the Petitioners failed to demonstrate that they will more likely than not be tortured by or with the acquiescence of the government of El Salvador. See Amilcar-Orellana v. Mukasey, 551 F.3d 86, 92 (1st Cir. 2008) (upholding denial of Convention Against Torture claim based on gang violence in El Salvador and describing the government's efforts to control gang activity).

Finally, the Petitioners challenge the immigration judge's denial of their request for a second continuance. We review the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). The court "must uphold the IJ's denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231).

The record reveals that the Petitioners requested a continuance on the ground that M.M. was unable to "withstand the rigors of examination" and attend the immigration hearing in light of her anxiety disorder. Based on counsel's representation that M.M. would have presented the same testimony as D.M. (who did attend and testify at the hearing) and the fact that a lengthy continuance had already been granted, the immigration judge denied the motion for a continuance but granted the Petitioners' request for a waiver of appearance by M.M. Because the immigration judge gave a rational explanation for his denial of a continuance and did not rest his decision on an impermissible basis, we find that no abuse of discretion occurred.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED