**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2383**

ZAFAR MAHMOOD,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 7, 2011        Decided: June 17, 2011

Before GREGORY, DAVIS, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Anser Ahmad, ADVANCED IMMIGRATION LAW GROUP, Harrisburg, Pennsylvania, for Petitioner. Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, Aaron R. Petty, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zafar Mahmood, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for adjustment of status and ordering him removed to Pakistan.

Before this court, Mahmood first argues that the Board abused its discretion in upholding the immigration judge's denial of his request for a continuance. We review the denial of a motion for a continuance for abuse of discretion. See Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). The court "must uphold the IJ's denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231).

Here, the immigration judge noted that Mahmood had more than ample time to present any and all applications for relief. Mahmood's removal proceedings remained pending before the immigration judge for more than five years, and yet he did not seek to file an application for asylum until after it became

2

clear that he was ineligible for adjustment of status.[1] Moreover, the Board noted that Mahmood arguably waived such an application by stating before the immigration court that he did not wish to pursue "any other forms of relief," and further noted that any asylum application would appear to be barred by the one-year time limitation. Because the agency offered a rational explanation for its denial of a continuance and did not rest its decision on an impermissible basis, we find that no abuse of discretion occurred.

We further find that Mahmood has failed to demonstrate that the denial of a continuance violated his right to due process. To succeed on a procedural due process claim, Mahmood must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); accord Rusu v. INS, 296 F.3d 316, 320-22 (4th Cir. 2002). Because Mahmood fails to give any indication of what evidence he would have presented in support of an asylum application, he cannot show that the denial of a continuance affected the outcome of his case and therefore cannot

---

[1] Although Mahmood faults the Department of Homeland Security for failing to put him on notice that it intended to argue that he was ineligible for adjustment of status, Mahmood had the burden of demonstrating his eligibility for such relief. See 8 C.F.R. § 1240.8(d) (2011).

demonstrate the requisite prejudice.  See Amouri v. Holder, 572 F.3d 29, 36 (1st Cir. 2009).

Finally, although Mahmood appears to concede that he is ineligible for adjustment of status, he argues that 8 C.F.R. § 1245.10(j) (2011)[2] violates the language and intent of 8 U.S.C. § 1255(i) (2006) and is therefore ultra vires.  This argument, however, is squarely foreclosed by our decision in Suisa v. Holder, 609 F.3d 314, 320 (4th Cir. 2010).  In Suisa, we considered an identical challenge to 8 C.F.R. § 1245.10(j) and concluded that the regulation is "a permissible construction of § 1255(i)" and "a valid exercise of the Attorney General's rulemaking authority."  Id.  Because Mahmood's sole challenge to the denial of his application for adjustment of status is clearly without merit, we uphold the agency's denial of relief.

We therefore deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[2] Section 1245.10(j) (2011) provides that "[a]n alien who was substituted for the previous beneficiary of the application for the labor certification after April 30, 2001, will not be considered to be a grandfathered alien."

4