**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-2302**

———————

NANA OWUSU, a/k/a Nana Kwaku Owusu, a/k/a Nana Kweku Owusu,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  June 11, 2012          Decided:  July 10, 2012

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Victor M. Mercado-Santana, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nana Owusu, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his motion for a continuance. We deny the petition for review.

Owusu conceded that he was removable for having remained in the United States longer than permitted. See 8 U.S.C. § 1227(a)(1)(B) (2006). He sought a continuance for the purpose of pursuing an appeal from the denial of his petition under 8 U.S.C. § 1154(a)(1)(A)(v)(cc) (2006) seeking adjustment of status as the battered spouse of a United States citizen. The immigration judge denied the request for a continuance after considering Owusu's prior requests for a continuance, the fact that he was detained and the likelihood that Owusu's appeal will be successful. The Board upheld the immigration judge's findings and conclusion.

An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2012). This court reviews the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). The court "must uphold the [immigration judge]'s denial of a continuance 'unless it was made without a rational explanation,

2

it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231).

We have reviewed the record and conclude there was no abuse of discretion.[*] Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] It was also alleged that Owusu was removable for having entered into a fraudulent marriage for the purpose of receiving an immigration benefit. The immigration judge and the Board elected not to resolve this allegation in light of the fact that Owusu was removable for staying longer than permitted. Owusu's challenge to this unresolved allegation is not relevant and has no bearing on our review of the Board's final order of removal.

3