**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2092**

EDWARD KWEKU OWUSU,

 Petitioner,

 v.

ERIC H. HOLDER, JR., Attorney General,

 Respondent.

**No. 12-1113**

EDWARD KWEKU OWUSU,

 Petitioner,

 v.

ERIC H. HOLDER, JR., Attorney General,

 Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: June 11, 2012          Decided: July 12, 2012

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Petitions dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Gregory M. Kelch, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions, Edward Kweku Owusu, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion for a continuance and finding he was removable for having been convicted of a crime of moral turpitude, see Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i); 8 U.S.C. § 1227(a)(2)(A)(i) (2006), and not eligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) (2006), and from the Board's order denying reconsideration. Because we lack jurisdiction, we dismiss the petitions.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including a crime of moral turpitude. Under § 1252(a)(2)(C), this court retains jurisdiction to review factual determinations such as whether Owusu is an alien and whether he has been convicted of a crime of moral turpitude. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If the court is able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the court can only consider "constitutional claims or

3

questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007) (internal quotation marks omitted).

Owusu concedes that he is an alien and that he is removable for having a conviction for a crime of moral turpitude. Thus, this court can only review constitutional claims or questions of law. Owusu challenges the decision to deny his request for a third continuance for the purpose of pursuing relief in state court from his conviction. Because our review of the denial of Owusu's request for a continuance is for abuse of discretion, see Lendo v. Gonzales, 494 F.3d 439, 441 (4th Cir. 2007), he does not raise a reviewable constitutional claim or a question of law.

Because Owusu is an alien found removable for having a conviction for a crime of moral turpitude and he does not raise a constitutional claim or a question of law regarding the Board's two orders, we lack jurisdiction. Accordingly, we dismiss the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DISMISSED</u>