**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1506**

XINYOU LIN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 16, 2012      Decided: October 22, 2012

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Troy Nader Moslemi, ALL PEOPLES LAW CENTER, P.A., New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Matthew A. Connelly, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xinyou Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

We first note that the agency denied Lin's request for asylum on the ground that he failed to establish by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States, and failed to establish either changed or extraordinary circumstances to excuse the late filing of his application. See 8 U.S.C. § 1158(a)(2)(B) (2006); 8 C.F.R. § 1208.4(a)(2) (2012). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that Lin has failed to raise a colorable constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006).* See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir.

---

*    We have thoroughly reviewed Lin's claim that the immigration judge deprived him of due process by denying his motion for a continuance. Because Lin fails to show the requisite prejudice to establish a due process violation, see Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008), we find that he has failed to raise a colorable constitutional claim for purposes of 8 U.S.C. § 1252(a)(2)(D). Additionally, we uphold
(Continued)

2

2009).  Given this jurisdictional bar, we cannot review the underlying merits of his asylum claims.  Accordingly, we dismiss this portion of the petition for review.

Lin also contends that the agency erred in denying his request for withholding of removal.  "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion."  Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006).  An alien "must show a 'clear probability of persecution' on account of a protected ground."  Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)), petition for cert. filed, 81 U.S.L.W. 3075 (Aug. 6, 2012).  Based on our review of the record, we conclude that substantial evidence supports the finding that Lin failed to establish that he faces a clear probability of persecution in China based upon his religion.

---

the immigration judge's denial of Lin's motion for a continuance, finding no abuse of discretion.  See Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007) (setting forth standard of review).

Finally, Lin challenges the denial of his request for protection under the Convention Against Torture. To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). Based on our review of the record, we conclude that substantial evidence supports the denial of Lin's request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review). Lin simply failed to demonstrate that it is more likely than not that he will be tortured based on his religious practices or for violating China's illegal exit laws.

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART