**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1965**

BENJAMIN YORKE-ARTHUR,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 12, 2014          Decided:  March 28, 2014

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Assistant Attorney General, Leslie McKay, Assistant Director, Kelly J. Walls, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Yorke-Arthur, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision, which found Yorke-Arthur removable under 8 U.S.C. § 1227(a)(1)(C)(i) (2012) and denied his motion to terminate proceedings.

Yorke-Arthur argues on appeal that the Board erred in upholding the immigration judge's denial of his motion to terminate proceedings. He maintains that the Department of Homeland Security ("DHS") improperly issued a factually inaccurate Notice to Appear ("NTA"), and that the immigration judge's denial of his motion to terminate materially prejudiced him as he may have qualified for cancellation of removal if proceedings had been terminated and the DHS had subsequently issued a new NTA. Upon review, we uphold the denial of Yorke-Arthur's motion to terminate. We conclude that the NTA was valid, despite any alleged factual errors or omissions, and that no abuse of discretion occurred. See Urbina v. Holder, __ F.3d __, 2014 WL 998324, *2-*3 (4th Cir. Mar. 17, 2014).

Yorke-Arthur also contends that the immigration judge abused his discretion in denying a continuance, which Yorke-Arthur had requested in order to consult with the DHS regarding its prosecutorial discretion in the case. An immigration judge

2

"may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2013). We review the denial of a motion for a continuance for abuse of discretion. <u>Lendo v. Gonzales</u>, 493 F.3d 439, 441 (4th Cir. 2007); <u>Onyeme v. INS</u>, 146 F.3d 227, 231 (4th Cir. 1998). We "must uphold the [immigration judge]'s denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" <u>Lendo</u>, 493 F.3d at 441 (quoting <u>Onyeme</u>, 146 F.3d at 231). Upon review, we discern no abuse of discretion in the immigration judge's denial of a continuance.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>