**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1184**

EUGENE OPOKU-BAMFO,

       Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 16, 2014        Decided: July 30, 2014

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Assistant Attorney General, Holly M. Smith, Senior Litigation Counsel, Remi da Rocha-Afodu, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Opoku-Bamfo, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision, which denied Opoku-Bamfo's motion for a continuance and ordered him removed to Ghana. We have reviewed the administrative record and find no abuse of discretion. See Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007) (setting forth standard of review). Accordingly, we deny the petition for review for the reasons stated by the Board. In re: Opoku-Bamfo (B.I.A. Jan. 29, 2014).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] The Attorney General appears to concede that the Board failed to adequately address Opoku-Bamfo's argument that the immigration judge did not give him an opportunity to seek prosecutorial discretion with the Department of Homeland Security ("DHS"). To the extent that any error occurred, we conclude that remand is not warranted "[b]ecause the result of a remand to the Board is a foregone conclusion such that remand would amount to nothing more than a mere formality." Hussain v. Gonzales, 477 F.3d 153, 158 (4th Cir. 2007). Opoku-Bamfo does not claim that he has ever attempted to confer with the DHS regarding the exercise of prosecutorial discretion in his case, and thus cannot credibly claim that the agency should have granted an open-ended continuance on this ground.