**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1428**

FRANCISCO RUBEN POPA COJOM, d/b/a Francisco Ruben Popa
Cojum,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: December 29, 2016      Decided: January 9, 2017

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy
Assistant Attorney General, Melissa Neiman-Kelting, Senior
Litigation Counsel, Christopher Buchanan, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Ruben Popa Cojom, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's order pretermitting his application for cancellation of removal, denying his motion for a continuance, and ordering Cojom removed to Guatemala. We dismiss in part and deny in part the petition for review.

An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2016). We review the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007). We will uphold the denial of a continuance "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." Id. at 441 (internal quotation marks omitted). Upon review of the record and Cojom's claims, we discern no abuse of discretion in the denial of a continuance in this case.

Cojom next argues that the IJ violated due process in pretermitting his application for cancellation of removal without first hearing testimony on the application. But the Board dismissed Cojom's appeal on the IJ's alternative reason for finding that Cojom abandoned his application for

2

cancellation, to wit: Cojom's failure to comply with the biometric requirements explained at his first administrative hearing. The proffered argument thus is nonresponsive to the Board's rationale for affirming the IJ's order, which is what is before us on review. See Hernandez-Avalos v. Lynch, 784 F.3d 944, 948 (4th Cir. 2015) (explaining that where, as here, the Board "issues its own opinion without adopting the IJ's reasoning, we review only the [Board's] final order"). Moreover, because Cojom does not challenge in his brief the basis the Board identified for affirming the IJ's ruling, the propriety of that ruling is beyond our reach. See Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 605 n.13 (4th Cir. 2009) (citing Fed. R. App. P. 28(a)(9)(A)).

Finally, Cojom maintains that the agency should have acted in its discretion to administratively close his removal proceedings. Review of the record reveals that Cojom did not raise this issue on appeal to the Board. Cojom's failure to exhaust this issue deprives us of jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the

3

[Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

Accordingly, we deny the petition for review in part and dismiss it in part for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART
