**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1804**

URIEL ALEJANDRO VENTURA, a/k/a Alejandro Ventura Uriel,

        Petitioner,

    v.

JEFFERSON B. SESSIONS, III, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 15, 2017    Decided:  February 27, 2017

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

W. Rob Heroy, GOODMAN, CARR PLLC, Charlotte, North Carolina, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Todd J. Cochran, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Uriel Alejandro Ventura, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's order denying his request for a second hearing on his application for cancellation of removal, denying his motion for a fifth continuance, and ordering Ventura removed to Mexico. For the reasons that follow, we deny the petition for review.

Ventura first contends that the immigration judge erred in refusing to allow Ventura to present new evidence and testimony at what would have been a second hearing on his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) (2012). We disagree. The Board reversed the immigration judge's initial decision granting Ventura cancellation of removal, finding clear error in the immigration judge's analysis of the hardship factors. Although the Board later vacated the order of removal to allow Ventura to pursue voluntary departure and any other relief to which he may be qualified, it denied Ventura's motion for reconsideration of its order reversing the immigration judge's grant of relief. Thus, we agree with the Attorney General that Ventura's application for cancellation of removal was fully adjudicated and rejected at the time his proceedings were remanded to the immigration court. Nor do we discern any error with the Board's consideration of the evidence Ventura

2

later proffered to support his request for a second hearing, which led to its finding that this evidence would not have impacted the relevant hardship analysis.

Ventura also complains that, in rejecting his request for a second individual hearing on his application for cancellation of removal, the agency violated his right to due process. Ventura, however, cannot state a colorable due process claim because he has no liberty or property interest in cancellation of removal. See Aparicio-Brito v. Lynch, 824 F.3d 674, 684 (7th Cir. 2016) (cancellation of removal is "a form of discretionary relief in which there is no liberty interest at stake" (internal quotation marks omitted)); see also Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) (stating that "[n]o property or liberty interest can exist when the relief sought is discretionary"), abrogated on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008).

Finally, Ventura's petition for review implicates the immigration judge's denial of his motion for a fifth continuance of his removal proceedings. An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2016). We review the denial of a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007). We will uphold the denial of a continuance "unless it was made without a rational explanation, it inexplicably

3

departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." Id. at 441 (internal quotation marks omitted). Upon review of the record and Ventura's claims, we discern no abuse of discretion in the denial of a continuance in this case.

Accordingly, we deny the petition for review. We further deny the Attorney General's motion to strike the unpublished Board decisions filed by Ventura in conjunction with his brief. See Fed. R. App. P. 32.1(b). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED