**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1788**

FAISAL AMIN,

                    Petitioner,

      v.

JEFFERSON B. SESSIONS III, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 27, 2018                    Decided: March 26, 2018

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied in part, dismissed in part by unpublished per curiam opinion.

Vron John Kapoor, Washington, D.C., for Petitioner. Chad A. Readler, Principal Deputy Assistant Attorney General, Jeffery R. Leist, Senior Litigation Counsel, Lance L. Jolley, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faisal Amin, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision denying his application for a good faith marriage waiver under 8 U.S.C. § 1186a(c)(4)(B) (2012) and ordering him removed to Pakistan. For the reasons set forth below, we deny in part and dismiss in part the petition for review.

Amin first argues that the immigration judge abused his discretion in denying his motion for a continuance where he had recently retained new counsel. An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2017). We review the denial of a motion for a continuance for abuse of discretion. *Lendo v. Gonzales,* 493 F.3d 439, 441 (4th Cir. 2007); *Onyeme v. INS,* 146 F.3d 227, 231 (4th Cir. 1998). We "must uphold the [immigration judge]'s denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, *e.g.,* invidious discrimination against a particular race or group.'" *Lendo,* 493 F.3d at 441 (quoting *Onyeme,* 146 F.3d at 231).

Based on our review of the record, we find no abuse of discretion in the agency's denial of a continuance in this case. *In re Amin,* (B.I.A. June 6, 2017). Although Amin argues that the denial of a continuance violated his right to a full and fair hearing, this due process argument fails on the ground that Amin does not explain what evidence counsel would have submitted on his behalf or how counsel's presentation at the hearing would have been different if the continuance had been granted. *See Rusu v. INS,* 296 F.3d 316, 320 (4th Cir. 2002) (holding that alien must show prejudice to establish a procedural due

process violation and court "may only find prejudice when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings" (alteration and internal quotation marks omitted)).

Amin also challenges the agency's denial of his application for a good faith marriage waiver. To the extend that Amin disputes the weight the agency gave his testimony and supporting evidence or argues that the Board erred in failing to reweigh his evidence, we lack jurisdiction to review his claims. *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii) (2012); *Upatcha v. Sessions,* 849 F.3d 181, 185-86 (4th Cir. 2017) ("[T]he courts have bifurcated their analysis of the good faith marriage inquiry, deeming credibility determinations and the weighing of evidence unreviewable but exercising jurisdiction over the distinct legal question of whether the evidence ultimately credited and deemed weighty by the agency meets the good faith standard." (internal quotation marks omitted)). We therefore dismiss this portion of the petition for review.

We retain jurisdiction to consider Amin's claim that the Board applied the wrong standard of review by failing to consider de novo whether his evidence satisfied the good faith standard. *See* 8 U.S.C. § 1252(a)(2)(D) (2012); *Upatcha,* 849 F.3d at 184. The Board, however, cited the correct standards of review in its opinion, and there is no indication that it applied the wrong standard in reviewing whether Amin's evidence met the statutory standard for a good faith marriage. We presume that the correct standard of review was applied absent clear evidence to the contrary. *See United States v. Chem. Found.,* 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly

3

discharged their official duties."); *Pilica v. Ashcroft,* 388 F.3d 941, 949 (6th Cir. 2004) ("Absent evidence to the contrary, this Court presumes that the BIA applied the correct standard of review.").

Finally, to the extent that Amin challenges the legal determination of whether his credited evidence met the statutory standard for a good faith marriage, we retain jurisdiction pursuant to § 1252(a)(2)(D). *See Upatcha,* 849 F.3d at 185-86. Based on our review of the record, we agree that Amin failed to submit sufficient evidence to satisfy the good faith standard under 8 U.S.C. § 1186a(c)(4)(B). We therefore affirm this determination for the reasons stated by the Board. *In re Amin,* (B.I.A. June 6, 2017).

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*