**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-1887**

───────────

JUAN A. PENA-TORRES, a/k/a Juan Pena-Torres, a/k/a Anthony Torres-Pena, a/k/a Juan Antonio Torres,

Petitioner,

v.

DANA JAMES BOENTE, Acting Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted: January 25, 2017        Decided: January 31, 2017

───────────

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan A. Pena-Torres, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his motion for a continuance and his application for deferral of removal under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Pursuant to this provision, we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Pena-Torres] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012).

We review the denial of a motion for continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). We

2

will uphold the denial of a continuance "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." Lendo, 493 F.3d at 441 (internal quotation marks omitted).

Due process, in the context of an immigration hearing, requires that an alien be given "an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair hearing on [his] claims." Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002). To establish a due process violation during removal proceedings, an alien must show: "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008). Focusing on the second prong, a reviewing court may find prejudice only "when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." Rusu, 296 F.3d at 320-21 (alteration and internal quotation marks omitted).

We conclude that Pena-Torres failed to show he was denied due process when he was denied a continuance. There is no evidence that, if he were given more time, the results of the proceedings would have been impacted. We also conclude that

Pena-Torres has not shown that he was denied due process regarding the findings that he was unable to rebut the presumption that his drug conviction was for a particularly serious crime or that he was ineligible for deferral of removal under the CAT.

Accordingly, because we find no merit to Pena-Torres' due process claims, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED