**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1448**

NUTJAYA WANNARAT,

      Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted:  November 16, 2017             Decided:  December 4, 2017

Before NIEMEYER, TRAXLER, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Janeen Hicks Pierre, PIERRE LAW, PLLC, Charlotte, North Carolina, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Keith I. McManus, Assistant Director, Scott M. Marconda, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nutjaya Wannarat, a native and citizen of Thailand, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's decision denying her motion for a continuance.

An Immigration Judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2017). We review the denial of a motion for a continuance for abuse of discretion. *Lendo v. Gonzales*, 493 F.3d 439, 441 (4th Cir. 2007); *Onyeme v. INS*, 146 F.3d 227, 231 (4th Cir. 1998). We will uphold the denial of a continuance "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." *Lendo*, 493 F.3d at 441 (internal quotation marks omitted). Upon review of the record and Wannarat's claims, we find no abuse of discretion in the denial of her motion for a continuance. *See In re Hashmi*, 24 I. & N. Dec. 785, 790-92 (B.I.A. 2009).

Wannarat also contends that her due process rights were violated because the denial of a continuance deprived her of the opportunity to challenge a marriage fraud finding made in connection with a prior visa petition that was withdrawn and thus could not be appealed. We review due process claims de novo. *See Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). We have reviewed the record and conclude that Wannarat cannot succeed on her due process claim because she fails to demonstrate resulting prejudice. *See Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). Further, as noted by the Board, Wannarat's current husband had the ability to appeal the denial of the visa petition impacted by the prior marriage fraud determination.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*