**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 20-2322**

---

SERGIO MERIDA-SAENZ,

          Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: October 28, 2021          Decided: December 15, 2021

---

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Petition dismissed in part, denied in part, granted in part, and remanded by unpublished per curiam opinion.

---

Mark J. Devine, Charleston, South Carolina, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristen A. Giuffreda, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Merida-Saenz, a native and citizen of Guatemala, petitions for review of a decision and order of the Board of Immigration Appeals ("Board") dismissing Merida-Saenz's appeal from the Immigration Judge's ("IJ") decision denying his motion for a continuance and ordering him removed to Guatemala. Merida-Saenz moved for a continuance in the removal proceedings before the IJ based on his pending application for Special Immigrant Juvenile status. *See* 8 U.S.C. § 1101(a)(27)(J). Before us, Merida-Saenz pursues four arguments: (1) the denial of a continuance contravened his equal protection rights; (2) the denial of a continuance violated his due process rights; (3) the Board erred by affirming the IJ's decision to deny a continuance; and (4) the Board erred by failing to remand to the IJ for the administrative closure of his immigration case. For the reasons explained below, we dismiss the petition for review in part, deny it in part, and grant it in part, and we remand to the Board for further proceedings.

Merida-Saenz first contends that the denial of his continuance motion contravened his equal protection rights. However, because Merida-Saenz did not present this contention to the Board, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010). We therefore dismiss the petition for review as to Merida-Saenz's equal protection argument.

Merida-Saenz next argues that the denial of his continuance motion violated his due process rights. To succeed on his due process claim, Merida-Saenz must make two showings: "(1) that a defect in the proceeding rendered it fundamentally unfair, and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th

2

Cir. 2008). Based on our review of the record, we are satisfied that Merida-Saenz has made neither showing. Accordingly, we deny the petition for review as to Merida-Saenz's due process argument.

Merida-Saenz also maintains that the Board erred by affirming the IJ's denial of his continuance motion. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2021). We review the denial of a motion for a continuance for abuse of discretion. *Gonzalez v. Garland*, __ F.4th __, __, No. 20-1924, 2021 WL 4888394, at *10 (4th Cir. Oct. 20, 2021). We will sustain the IJ's denial of a continuance unless the denial "was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." *Lendo v. Gonzales*, 493 F.3d 439, 441 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that the Board did not err in affirming the IJ's denial of Merida-Saenz's motion for a continuance. The Board and the IJ rationally determined that Merida-Saenz had not demonstrated a more than speculative possibility of ultimately obtaining adjustment of status and that the proposed continuance would have been for an indeterminate period consisting of at least several years. *See Gonzalez*, 2021 WL 4888394, at *10 (approving Board's decision affirming the denial of a continuance where "the continuance would have been for a potentially indeterminate period of time and the relief sought was of a speculative nature" (internal quotation marks omitted)); *Lendo*, 493 F.3d at 442 (holding that IJ did not abuse her discretion by denying continuance where petitioner

3

was not eligible for adjustment of status when he sought continuance and continuance would have been "open-ended"). We thus deny the petition for review as to this argument.

Finally, Merida-Saenz asserts that the Board erred by failing to remand to the IJ for the administrative closure of his case pursuant to our decision in *Romero v. Barr*, 937 F.3d 282, 297 (4th Cir. 2019) (holding that IJs and the Board possess "the general authority to administratively close cases"). While the Board acknowledged that Merida-Saenz had argued for administrative closure on appeal, it neither explicitly resolved that argument nor applied any of the relevant administrative closure factors thereto. *See In re Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012) (specifying administrative closure factors). Moreover, the Board's resolution of Merida-Saenz's continuance request did not resolve his administrative closure argument. Although a continuance and an administrative closure are similar forms of relief, they are distinct in purpose and in result. *See Romero*, 937 F.3d at 289, 294 n.12 (contrasting circumstances in which continuance is appropriate with circumstances in which administrative closure is appropriate); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 892 (9th Cir. 2018) (explaining that administrative closure is "like" a continuance but not identical thereto). Because the Board's decision does not demonstrate that it has actually considered Merida-Saenz's administrative closure argument, we grant the petition for review as to this argument and remand to the Board for further proceedings. *See Gonzalez*, 2021 WL 4888394, at \*10 (remanding for Board to address administrative closure argument in first instance); *Li Fang Lin v. Mukasey*, 517 F.3d 685, 693-94 (4th Cir. 2008) (explaining that we cannot review the Board's decision when the Board has given us "nothing to review").

4

Accordingly, we dismiss the petition for review as to Merida-Saenz's equal protection argument, deny the petition as to his due process and continuance arguments, and grant the petition as to his administrative closure argument. We also remand to the Board for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN
PART, DENIED IN PART,
GRANTED IN PART,
AND REMANDED*