**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-2013**

_____

EDIS YUSIMIN CRUZ-FIGUEROA; H.A.C.C.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  October 13, 2022                    Decided:  November 7, 2023

_____

Before KING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition for review granted; vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Mark J. Devine, Charleston, South Carolina, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jessica R. Lesnau, Jeffrey R. Meyer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edis Yusimin Cruz-Figueroa and her minor child, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the Immigration Judge's (IJ) denial of their motion for administrative closure or a continuance and denying their motion to remand. Petitioners challenge, *inter alia*, the Board's decision to uphold the IJ's denial of a continuance.

We review the denial of a motion for a continuance for abuse of discretion. *Cabrera v. Garland*, 21 F.4th 878, 882 (4th Cir. 2022) (citing *Onyeme v. INS*, 146 F.3d 227, 231 (4th Cir. 1998)); *Lendo v. Gonzales*, 493 F.3d 439, 441 (4th Cir. 2007). We will uphold the denial of a continuance "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." *Lendo*, 493 F.3d at 441 (internal quotation marks omitted).

In assessing whether an alien has established good cause for a continuance to pursue collateral relief, an IJ "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *In re L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018). In addition, the IJ should consider "germane secondary factors," including "the [alien's] diligence in seeking collateral relief, [the Department of Homeland Security's] position on the motion for continuance, and concerns of administrative efficiency." *Id.* at 415 (citing *In re Hashmi*, 24 I. & N. Dec. 785, 790, 793 (B.I.A. 2009)).

2

"Neither the [Board] nor an IJ may ignore relevant factors or cherry-pick those that weigh in favor of a particular outcome." *Cabrera*, 21 F.4th at 883. If, under established policies, "the primary factors weigh in the movant's favor, there is a rebuttable presumption that the motion should be granted, unless the germane secondary factors outweigh the primary factors." *Id.* (citations and internal quotation marks omitted). While "[t]he secondary factors are not of equal importance to the primary factors," the primary factors themselves "are not dispositive," particularly "if there are relevant secondary factors that weigh against continuing the proceedings." *Id.* (citations and internal quotation marks omitted).

Upon review in light of our recent decision in *Cabrera*, we conclude that the Board abused its discretion in upholding the denial of a continuance without considering one of the two primary factors relevant to the determination of good cause, namely whether the relief sought will materially affect the outcome of the removal proceedings. *Id.* at 883-84. Accordingly, we grant the petition for review, vacate the Board's order, and remand this matter to the Board for further proceedings consistent with *Cabrera*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW GRANTED;*
*VACATED AND REMANDED*